# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: 11-cv-1926 DSD/JJK

| | |
|---|---|
| Douglas Johnson, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Midwest ATM, Inc. and Rustad & Associates, Inc., <br><br> Defendants. | **AMENDED CLASS ACTION COMPLAINT WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendants' violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*. and Regulation E, 12 C.F.R. §205.1 *et seq*. Plaintiff brings this action on behalf of himself and a class of all Minnesota persons who were charged a transaction fee by Defendants, which was not posted on the Defendants' automated teller machine ("ATM") located at 600 Kenwood Park, Minneapolis, Minnesota 55403. Plaintiff seeks actual and statutory damages, costs and attorney fees.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq*. Venue is proper in this District pursuant to

28 U.S.C. § 1391(b), because the transactions at issue occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

3. Plaintiff Douglas Johnson (hereinafter "Plaintiff Johnson") is a natural person who resides in the City of Little Canada, County of Ramsey, in the State of Minnesota.

4. Defendant Midwest ATM, Inc. (hereinafter "Defendant Midwest") is a corporation, operating from an address 11130 60th Street, Stillwater, Minnesota 55082. Defendant Midwest has a registered agent of Dave Rustad, 329 South Owasso Boulevard, Roseville, Minnesota 55113. Defendant Midwest sells, leases, installs, maintains and operates ATM Machines and owns and operates the ATM located at 600 Kenwood Park, Minneapolis, Minnesota 55403. Defendant Midwest is an ATM "operator" as defined in 12 C.F.R. § 205.16 and has "control" over the ATM located at 600 Kenwood Park, Minneapolis, Minnesota 55113 as defined by Minn. Rules § 2675.8100 Subp. 5.

5. Defendant Rustad & Associates, Inc. (hereinafter "Defendant Rustad") is a corporation, operating from an address 329 South Owasso Boulevard, Roseville, Minnesota 55113. Defendant Rustad has a registered agent of Dave Rustad, 329 South Owasso Boulevard, Roseville, Minnesota 55113. Defendant Rustad sells, leases, installs, maintains and operates ATM Machines and owns and operates the ATM located at 600 Kenwood Park, Minneapolis, Minnesota 55403. Defendant Rustad is an ATM "operator" as defined in 12 C.F.R. § 205.16 and has "control"

over the ATM located at 600 Kenwood Park, Minneapolis, Minnesota 55113 as defined by Minn. Rules § 2675.8100 Subp. 5.

## CLASS ACTION FACTUAL ALLEGATIONS

6. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

7. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM (via placard/sticker) that a fee will be imposed and (b) on the ATM screen that a fee will be imposed and the amount of such a fee.

8. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

9. On January 8, 2011, Plaintiff Johnson used Defendants' ATM located at 600 Kenwood Parkway, Minneapolis, Minnesota 55403.

10. On January 8, 2011, Plaintiff Johnson was charged a $2.50 fee to withdraw money from Defendants' ATM located at 600 Kenwood Parkway, Minneapolis, Minnesota 55403.

11. That Plaintiff received a receipt from Defendants' ATM on January 8, 2011 which states "Parade Ice Garden, 600 Kenwood Park, Minneapolis, MN 55403" and a "Terminal fee" of $2.50.

12. On January 8, 2011, there was no notice posted on or near Defendants' ATM that disclosed that users would be charged any fee by Defendants' ATM located at 600 Kenwood Parkway, Minneapolis, Minnesota 55403.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action individually and as a class action for Defendants' violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*. and Regulation E, 12 C.F.R. §205.1 *et seq*., pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

    *All persons in Minnesota who were charged a fee when using Defendants' ATM located at 600 Kenwood Parkway, Minneapolis, Minnesota 55403 without the presence of a posted warning of the fee on or near the ATM.*

14. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff upon information and belief that the Class numbers in the hundreds, if not thousands.

15. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

    a. Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendants were ATM operators at all relevant times during the Class period that imposed a fee on consumers for providing host transfer services to those consumers;

    b. Whether, at all relevant times during the class period, Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c); and

    c. The appropriate measure of damages sustained by Plaintiff and other members of the Class.

16. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

    a. Plaintiff and all putative Class members used an ATM operated by Defendants;

    b. Defendants failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

    c. Defendants illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this cause.

18. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as

a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

20. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT & REGULATION E

### U.S.C. §1693 *et seq.* & 12 C.F.R. §205.1 *et seq.*

22. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

23. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendants were ATM operators at all times relevant to this action.

24. Defendants were the operators of the ATM located at 600 Kenwood Park, Minneapolis, Minnesota 55403 at all times relevant to this action.

25. Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

26. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendants, therefore, illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in his favor and against Defendants and award the following:

- An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

- Actual and statutory damages as set forth in the EFTA and Regulation E;

- Attorneys' fees and costs of suit per 15 U.S.C. § 1693m; and

- Such other relief as this Court deems proper.

Dated this 29th day of September, 2011.    Respectfully submitted,

By:   s/Thomas J. Lyons
**LYONS LAW FIRM, P.A.**
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Sr., Esq.
Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830

tlyons@lyonslawfirm.com

**ATTORNEY FOR PLAINTIFF**