UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 11-cv-1926 DSD/JJK

| | |
|---|---|
| Douglas Johnson, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Midwest ATM, Inc. and Rustad & Associates, Inc.,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OFFER OF JUDGMENT** |

## INTRODUCTION

This is a consumer class action arising under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.* ("EFTA"). On November 23, 2011, Defendants Midwest ATM, Inc. ("Midwest") and Rustad & Associates, Inc. ("Rustad") served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer"). The Offer purported to compensate Plaintiff for all his claims. However, the Offer only provided relief for Plaintiff individually and offered nothing to the putative Class. The Offer is improper and underscores the inherent tensions between Federal Rules of Civil Procedure 68 and 23. Plaintiff now moves to have the Offer stricken and declared of no effect.

**BACKGROUND**

On July 14, 2011, Plaintiff filed a Class Action Complaint (the "CAC") averring that SportQuest, Inc. violated the EFTA by illegally charging him and other consumers an ATM transaction fee without providing all notices required by law. (*See Docket No.1 - Complaint at ¶¶ 8–11*). Thereafter, Plaintiff learned that Defendants Midwest and Rustad & Associates, Inc. ("Rustad") owned and operated the offending ATM during the relevant time period. On September 30, 2011, Plaintiff filed an Amended Class Action Complaint ("ACAC") naming Midwest and Rustad as Defendants. (*See Docket No. 3 - Amended Complaint*).

On November 23, 2011, Midwest and Rustad served Plaintiff with the Offer. (*See Declaration of Thomas J. Lyons, Esq. ("Lyons Decl.") at ¶2, Ex. 1*). The Offer states that "the Electronic Funds Transfer Act limits Plaintiff's recovery to $1,000." (*Id.*) The Offer goes on to state that Midwest and Rustad agree to have judgment entered against them in the "amount of $1,050 plus reasonable costs, including attorneys' fees and expenses" in satisfaction of all of Plaintiff's claims. (Id.) Further, the Offer cuts off Plaintiff's claim to attorney's fees as of the date of the Offer. (Id.)

**ARGUMENT**

**I. THE OFFER OF JUDGMENT SHOULD BE DECLARED OF NO EFFECT.**

Section 1693m(a) of the EFTA only limits damages to $1,000 in individual actions. In class actions, the limit is $500,000 for the class or one per centum of the defendant's net worth. *See* 15 U.S.C. § 1693m(a)(2(b). By offering Plaintiff the maximum individual recovery with nothing for the putative Class, Midwest and Rustad

are seeking to "pick off" Plaintiff's claim at the inception of the litigation in order to avoid having to deal with the Class. This puts Plaintiff in a position where she must consider abandoning her duties under Federal Rule of Civil Procedure 23 with respect to the putative Class out of concern for potential individual liabilities under Rule 68. Fed. R. Civ. P. 68(d) (providing that an offeror may recover costs from an offeree if a rejected Rule 68 offer provided for greater relief than the recovery ultimately obtained).

The Eighth Circuit Court of Appeals and federal district courts throughout the country have almost uniformly held that this tactic is improper. *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims.); *Johnson v. U.S. Bank, N.A.*, --- F.R.D. ---, No. 10-cv-4880, 2011 WL 2619619, at *4 (D.Minn. June 29, 2011) (Keyes, M.J.) ("This . . . is not the sort of pressure Rule 68 was intended to exert."); *Lamberson v. Financial Crimes Services, LLC*, No. 11-cv-98, 2011 WL 1990450, at *4 (D.Minn. Apr. 13, 2011) (Graham, M.J.) ("[T]o prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective."), *recommendation adopted by* 2011 WL 1990447 (May 23, 2011) (Kyle, J.); *Harris v. Messerli & Kramer, P.A.*, No. 06-cv-4961, 2008 WL 508923, at *2 (D.Minn. Jan. 2, 2008) ("As a matter of policy, it would be unwise to permit defendants to frustrate class action by using Rule 68 offers to "pick off" putative class representatives."); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D.Ohio 2008) (observing that such a tactic would effectively allow defendants to "opt-

out" of class actions); *Zeigenfuse v. Apex Asset Management, LLC*, 239 F.R.D. 400, 403 (E.D.Pa. 2006).

Courts have consistently held that the appropriate procedural mechanism to address Defendants' improper tactic is to strike the Offer and declare it ineffective. *Johnson*, 2011 WL 2619619, at *7; *Lamberson*, 2011 WL 1990450, at *4; *Stewart*, 252 F.R.D. at 387; *Zeigenfuse*, 239 F.R.D. at 403. Courts have found that this action is authorized by their inherent powers under Rule 23 to manage class litigation. *See Johnson*, 2011 WL 2619619, at *6 ("[T]he Court concludes that a motion to strike the offer of judgment is an appropriate procedural mechanism for the Court to exercise its authority and responsibility in this case to manage the class action in a manner consistent with the purposes of Rule 23."). By striking an improper Rule 68 offer of judgment, a court may direct the litigation towards an appropriate resolution under Rule 23.

Further, Defendants' Offer is improper because it only offers to compensate Plaintiff's attorney's fees, mandated by 15 U.S.C. § 1693m(a)(3), up to the date of the Offer. (S*ee* Lyons Decl. ¶ 2, Ex. 1.) The purpose of Rule 68 "is to encourage the settlement of litigation." *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). Attempting to cut off a plaintiff's ability to recover attorney's fees for post-offer settlement deliberations with counsel undermines this purpose. Accordingly, courts have held that Rule 68 offers of judgment that cut off attorney's fees at the date of the offer are not offers of full compensation for a plaintiff's claims and do not trigger Rule 68(d)'s cost-shifting provision if rejected. *See Valencia v. Affiliated Group, Inc.*, 674 F.Supp.2d

4

1300, 1306 (S.D.Fla. 2009).  Since Defendants' Offer cannot be resurrected later in the case if Plaintiff is unsuccessful, for this reason, too, it should be stricken.

## CONCLUSION

For the reasons set forth above, Plaintiff moves the Court to strike the Offer of Judgment submitted by Defendants Midwest and Rustad dated November 23, 2011 and declare it to be of no effect.

Respectfully Submitted,

Dated: December 7, 2011

By:   s/Thomas J. Lyons
**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr., Esq.
Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**ATTORNEY FOR PLAINTIFF**