UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Johnson, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Midwest ATM, Inc. and Rustad & Associates, Inc.,<br><br>Defendants. | Civil Action No. 11-cv-1926 (DSD/JJK)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendants Midwest ATM, Inc. and Rustad & Associates, Inc. (collectively "Midwest") respectfully move to dismiss this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## INTRODUCTION

This case is about a $2.50 automated teller machine ("ATM") fee. Plaintiff agreed to pay the fee in exchange for receiving the convenience of an instant cash withdrawal from an ATM owned and operated by Midwest. Plaintiff alleges that, even though he received an on-screen notice of the fee and expressly agreed to pay the fee, Midwest failed to provide him with a second form of notice on the outside of the ATM. Midwest maintains that, in addition to the on-screen notice, the ATM also had a second notice sticker on the outside of the ATM.

Immediately upon learning of Plaintiff's complaint, and even before having been served with the complaint, to avoid the nuisance of litigation and the cost of defense, Midwest attempted to settle with the named Plaintiff individually and/or with the class

that Plaintiff purports to represent.  Midwest served both an individual offer of judgment on the named Plaintiff and a class-wide offer of judgment offering to settle the case for the maximum amount of recovery permitted under the Electronic Funds Transfer Act ("EFTA").

Because Midwest's offers of judgment completely satisfy Plaintiff's claims, there is no actual claim or controversy existing between Midwest and Plaintiff.  Therefore, this Court lacks subject matter jurisdiction.

## BACKGROUND

A.   **MIDWEST'S EFFORTS TO SETTLE AND OFFERS OF JUDGMENT.**

On July 14, 2011, Plaintiff filed a complaint against SportQuest, Inc. [Doc. No. 1.] On information and belief, SportQuest, Inc. is a company that provides ice skating instruction and lessons.  SportQuest, Inc. has nothing to do with owning or operating any ATMs.  Upon learning of the lawsuit filed against SportQuest, Inc., in an effort to avoid the nuisance of litigation and costs of defending what Midwest believes to be a frivolous lawsuit, Midwest attempted in good faith to settle with Plaintiff.  Unfortunately, Plaintiff refused to either provide a settlement demand or to make a counter offer to Midwest's generous monetary settlement offers.

Instead, on September 30, 2011, Plaintiff amended his complaint to add Midwest ATM, Inc. and Rustad & Associates, Inc. as defendants.  [Doc. No. 3.]  Plaintiff only knew to name Midwest ATM, Inc. and Rustad & Associates, Inc. as defendants through information voluntarily provided by Midwest and not through any due diligence by Plaintiff or Plaintiff's counsel.  Midwest continued to attempt to settle the case with

Plaintiff, but Plaintiff continued to refuse to provide any demand or to respond or counter Midwest's settlement offers.

On November 21, 2011, Plaintiff served the complaint. Two days later, on November 23, 2011, left with no other options, Midwest served Plaintiff with an offer of judgment offering Plaintiff $1,050 plus attorneys' fees and costs. [Hutchinson Decl., Ex. D.] The maximum recovery allowed to an individual plaintiff under the EFTA is between $100 and $1,000. 15 U.S.C. § 1693m(a)(2)(A). The offer of judgment offers Plaintiff more than the maximum recovery allowed under the EFTA plus his attorneys' fees and costs.

On December 14, 2011, Midwest served a class-wide offer of judgment on Plaintiff for 1.01% of Midwest's net worth plus attorneys' fees and costs. (Hutchinson Decl., Ex. A.) The EFTA limits a class's recovery to the lesser of 1% of the defendant's net worth or $500,000. 15 U.S.C. § 1693m(a)(2)(B). The added .01% was intended to cover any and all actual damages to the extent actual damages are arguably recoverable in excess of the 1%. The class offer of judgment offers the class the maximum recovery allowed under the EFTA plus attorneys' fees and costs. Plaintiff has rejected both the individual offer of judgment and the classwide offer of judgment.

**B.     BACKGROUND ON THE EFTA.**

The EFTA requires that an ATM owner or operator provide notice to ATM users of any transaction fees charged. 15 U.S.C. § 1693(d)(3). The EFTA provides for on-screen notice or notice placed on the outside of an ATM. *See id.* Some courts have held that on-screen notice alone is sufficient. *See, e.g., Dover v. Union Building and Loan*

3

*Savings Bank*, No. 2:09-cv-708, 2009 WL 2612355, at *4-6 (W.D. Pa. Aug. 24, 2009) (noting that the language of the FDIC's Compliance Examination Handbook gave the bank the choice of either posting notice of fee in a prominent or conspicuous location, or in the alternative, providing notice on the screen or in paper form and finding that the defendant bank complied with the notice requirement by providing on-screen notice only); *see also Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 355 (6th Cir. 2008) ("[B]ecause Key Bank provided sufficient on-screen notice of the fee it charged [plaintiff], we affirm summary judgment in favor of the bank on *Clemmer's* EFTA claim."); *ATM Fee – Notice Class Actions: Professional Plaintiffs and Possible Defenses*, Hirsh, Frank A. and Wall, Andru E., Consumer Financial Services Law Report, July 18, 2011, Vol. 15, Issue 4, at p. 6-9 (attached as Exhibit B to Hutchinson Decl.) Judge Magnuson has similarly recently observed that "on-screen prompts are enough warning for the average consumer that the ATM will charge a transaction fee." *Nadeau v. Wells Fargo Bank, N.A.*, No. 10-4356 (PAM/JSM), 2011 WL 1633131, at *4 (D. Minn. April 26, 2011).

However, in 2009 the FDIC changed its Compliance Examination Handbook to require two forms of notice. (Hutchinson Decl., Ex. B. at p. 7.) Nonetheless, courts apply the statutory good faith defense provided for in the EFTA to find that on-screen notice alone is sufficient. *Dover*, 2009 WL 2612355, at *6 ("Under the EFTA, liability is not imposed in those cases in which a bank has acted in good faith," citing 15 U.S.C. § 1693m(d)(1).) Section 1693h(d) includes a "good faith" defense against damages to cover situations where the ATM operator places a notice on the ATM, but the notice is

4

"subsequently removed, damaged, or altered by any person other than the operator" of the ATM. (Hutchinson Decl., Ex. B at 8.)

The EFTA also provides a bona fide error or unintentional error defense. *See Nadeau*, 2011 WL 1633131, at *1 (citing 15 U.S.C. § 1693m(c)); (*see also* Hutchinson Decl., Ex. B at 8).

## C. CLASS ACTIONS ARE NOT CERTIFIABLE UNDER THE EFTA.

As Judge Magnuson has recently observed, EFTA class actions are "simply not appropriate for class treatment." *Nadeau*, 2011 WL 1633131, at *4 (citations to other cases refusing to certify class actions omitted). Judge Davis also recently denied a motion to certify a class in an EFTA case. *Johnson v. U.S. Bank Nat'l Ass'n*, 10-cv-4880 (MJD/JJK), at Doc. No. 101 (December 15, 2011) (attached as Exhibit C to Hutchinson Decl.)[1] No court in this District or Circuit has certified an EFTA class.

Other courts have similarly held that EFTA cases are inappropriate for class action treatment. *See, e.g., Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 409 (M.D. Fla. 2004); *Corrado v. RP Realty Partners, LLC*, No. 6:09-cv-1537, 2010 WL 571970, at *2 (M.D. Fla. Feb. 16, 2010) (finding motion for class certification "patently without merit"); *Mowry v. JP Morgan Chase Bank, N.A.*, No. 06-c-4312, 2007 WL 1772142, at *5-7 (N.D. Ill. June 19, 2007).

---

[1] Purported class counsel, Mr. Thomas J. Lyons, Sr., was also purported class counsel in both *Nadeau* and *Johnson v. U.S. Bank*. The complaints filed in those cases are nearly verbatim copies of the complaint filed in this case save for the changing of the parties' names and the transaction dates.

4405263v1

In both *Nadeau* and *Corrado*, the courts observed that individuals, like Plaintiff Johnson, would fare better by bringing individual actions rather than class actions. *Nadeau,* 2011 WL 1633131, at *5 ("statutory damages in individually brought actions may be higher than anything available in a class action"); *Corrado,* 2010 WL 571970, at *2 ("the prosecution of a class action – rather than a series of individual actions – has the potential of limiting class members' recovery").  Of course, as Judge Magnuson observed, "[a] court may determine that statutory damages, in the face of the evidence of on-screen agreement to the fee and the extremely small amount of actual damages, are de minimis." *Nadeau*, 2011 WL 1633131, at *5.  Plaintiff's statutory damages would indeed be de minimis given Plaintiff's agreement to the on-screen notice.  Plaintiff willingly accepted the offer to pay a $2.50 fee in exchange for the convenience of an immediate withdrawal of cash.  Regardless, Midwest offered the maximum $1,000 statutory damages plus $50 in actual damages (for $2.50 purportedly sustained), costs and attorneys' fees in an effort to resolve this matter quickly.  Midwest also offered the maximum 1% of its net worth as an offer of judgment to the class, plus an additional .01%.  Not only will Plaintiff receive less than $1,000 individually, it is probable that the entire class will collectively receive less than $1,000 if this case was tried to a jury verdict and Plaintiff obtained a favorable verdict

4405263v1

## **DISCUSSION**

I.  **THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE MIDWEST'S OFFERS OF JUDGMENT MOOT PLAINTIFF'S CLAIMS.**

"[A]bsent an actual case or controversy, the court lacks subject matter jurisdiction." *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003) (Doty, J.) (citing U.S. Const. Art. III § 2 and *United States Parole Commission v. Geraghty*, 445 U.S. 388, 395 (1980)); *see also Stilz v. Banco Popular N.A.*, No. 10-C-2087, 2010 WL 4338446, at *2 (N.D. Ill. Oct. 25, 2010) ("Under Article III of the United States Constitution federal courts are provided with jurisdiction 'over cases and controversies' and 'both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety,'" quoting *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994)).

"'The burden of proving subject matter jurisdiction falls on the plaintiff.'" *Jones v. CBE Group*, at 562 (quoting *V S Ltd. P'ship v. Dep't Hous. Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). "Plaintiff must satisfy that burden by the preponderance of the evidence." *Id*. "Where subject matter jurisdiction is lacking, the court must dismiss." *Id*. (citing Fed. R. Civ. P. 12(h)(3)).

"Rule 68 permits a defendant to serve an offer on an adverse party allowing judgment to be entered in favor of the plaintiff." *Id*. (citing Fed. R. Civ. P. 68). While the rule itself does not address mootness, many courts have held that a valid offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the

7

action and removing jurisdiction." *Id.* (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); and *Abrams v. Interco Inc.*, 719 F.2d 23, 32-4 (2nd Cir. 1983)).

Even in the context of cases filed as class actions, offers of judgment to individual class representatives moot the claims asserted and strip the court of subject matter jurisdiction. *See, e.g., Jones v. CBE Group,* at 562. In *Jones*, Judge Doty granted the defendant's motion to dismiss for lack of subject matter jurisdiction where the defendant made an offer of judgment to the named class representative. *See id.*

As Judge Doty observed: "Commentators have noted that, while 'there may be valid policy arguments' for not applying Rule 68 in the class context, 'there is little authority' for such an exception. 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civ.2d § 3001.1. Nothing in Rule 68 itself, or in any of the federal rules, either permits or requires an exception to the application of the rule to class action litigation." *Id.* Judge Doty further explained: "Plaintiff would have the court defer consideration of a challenge to its subject matter jurisdiction until it has ruled on a motion for class certification, even if no motion to certify had yet been filed. However, jurisdiction is a threshold question that 'cannot be waived by the parties nor ignored by the courts.' *California v. LaRue*, 409 U.S. 109, 113 n. 3 (1972). Absent a justiciable case or controversy, the court lacks jurisdiction and has no authority to act." *Id.* at 564 (citing U.S. Const. Art. III § 2).

Offers of judgment to individual named plaintiffs in EFTA class actions moot the plaintiffs' claims and strip the court of subject matter jurisdiction. *See Stilz v. Banco Popular*, 2010 WL 4338446, at *5 (granting motion to dismiss where offer of judgment of $1,020 plus fees and costs was made to individual plaintiff who brought a purported class action); *Stilz v. Global Cash*, 2010 WL 3975588, at *2 (finding "plaintiff's claim is moot because he did not move for class certification until 26 days after defendant made its offer of judgment").

Here, Midwest served a Rule 68 offer of judgment for $1,050, plus attorneys' fees and costs, which more than fully satisfies the maximum recovery of $1,002.50 to which Plaintiff is individually permitted under the EFTA. 15 U.S.C. § 1693m(a)(2)(A). As such, this Court lacks subject matter jurisdiction.

Even under the permissive standard that allows a plaintiff to avoid mootness by filing a motion for class certification, Plaintiff has failed to timely move to certify the class of ATM users. *See* Fed. R. Civ. P. 23(c)(1)(A) ("Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.") While in some contexts a plaintiff may be permitted discovery to determine whether a class is certifiable, in the context of EFTA class actions, no discovery is necessary. Courts in this District have held nearly identical complaints filed by the same purported class counsel to be non-certifiable as an inferior form of adjudication. *See Nadeau*, 2011 WL 1633131, at *4;[2]

---

[2] In *Nadeau*, after Judge Magnuson denied class certification the defendant, Wells Fargo served an offer of judgment on the individual plaintiff. Plaintiff accepted the $1,000

9

*Johnson v. U.S. Bank* (attached as Exhibit C to Hutchinson Decl.)  No Court in this District, or anywhere in the Eighth Circuit, has certified an EFTA class.

Regardless, even if the individual offer of judgment to Plaintiff does not moot this action, Midwest also served a classwide offer of judgment on Plaintiff and the purported class.  The classwide offer of judgment offers to settle the entire case on a classwide basis for 1.01% of Midwest's net worth plus attorneys' fees and costs.  (Hutchinson Decl., Ex. A.)  The classwide offer of judgment provides for more than the maximum 1% of defendant's net worth recoverable under the EFTA.  As such, even if the Court finds that the individual offer of judgment does not moot Plaintiff's claims, then certainly the classwide offer of judgment moots all of Plaintiff's claims.

Because Midwest's offers of judgment offered Plaintiff and the purported class complete relief, the Court lacks subject matter jurisdiction and this case should be dismissed with prejudice.

---

offer of judgment plus attorneys' fees.  Plaintiff's counsel, Thomas Lyons, Sr., moved for his fees in the amount of $27,380.19.  *See Nadeau v. Wells Fargo*, 10-cv-4356 [Doc. No. 36 at p. 13].  The court awarded in excess of $16,000 on, at most, a $1,000 claim by plaintiff.

10

4405263v1

## CONCLUSION

Based on the foregoing, the Court should grant Midwest's motion to dismiss for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED,

Dated: December 30, 2012

By: s/ Troy J. Hutchinson
    Troy J. Hutchinson (#0320420)
**BRIGGS AND MORGAN, P.A.**
2200 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402-2157
(612) 977-8400

**ATTORNEY FOR DEFENDANTS MIDWEST ATM, INC. AND RUSTAD & ASSOCIATES, INC.**