**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 11-cv-1926 (DSD/JJK)**

| | |
|---|---|
| Douglas Johnson, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Midwest ATM, Inc. and Rustad & Associates, Inc.,<br><br>        Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff respectfully submits this memorandum in opposition to Defendant Midwest ATM, Inc.'s and Rustad & Associates, Inc.'s (collectively "Midwest") Motion to Dismiss (the "Motion") pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Midwest violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.* ("EFTA") by charging Plaintiff an Automated Teller Machine ("ATM") transaction fee without providing all forms of notice required by 15 U.S.C. § 1693b(d)(3)(B).  *See* 15 U.S.C. § 1693b(d)(3)(C).  As expressly provided for by 15 U.S.C. § 1693m(a)(2)(B), Plaintiff seeks relief on behalf of himself and a class of consumers who were also charged unlawful fees by Midwest.

Midwest does not want to litigate this case.  To set up the present Motion, Midwest served on Plaintiff two separate offers of judgment pursuant to Rule 68 of the

Federal Rules of Civil Procedure purporting to offer full relief for all of Plaintiff's claims. Midwest now argues in support of its Motion that, because it has offered full relief, there is no live case or controversy as the basis for the jurisdiction of this Court.   Because Midwest's offers of judgment do not eliminate the case or controversy between the parties, Midwest's Motion should be denied.

## **BACKGROUND**

Plaintiff filed an Amended Class Action Complaint (the "ACAC") against Midwest on September 30, 2011.  (*See* Complaint [*Docket No. 3*]).  Wanting an early and inexpensive resolution of its plain violation of federal statutory consumer finance and banking rules, Midwest served Plaintiff with a Rule 68 offer of judgment on November 23, 2011 attempting to pick off Plaintiff's individual claims.  (*See* Declaration of Troy J. Hutchinson ("Hutchinson Decl.") [*Docket No. 20*] Ex. D).    Because individual Rule 68 offers are fundamentally improper in the context of class litigation, Plaintiff moved to strike Midwest's November 11 individual offer.  (*See* [*Docket No. 4*]).  *See also Johnson v. U.S. Bank, N.A.*, 276 F.R.D. 330 (D.Minn. 2011) (Keyes, M.J.) (holding that individual Rule 68 offers are fundamentally improper in the context of class litigation).[1]

On December 14, 2011, Midwest then served on Plaintiff a second Rule 68 offer providing for compensation to the putative class in the form of "1.01 per centum of [Midwest's] net worth, as determined by the Court."  (*See* Hutchinson Decl. Ex. A). Midwest is correct that the EFTA caps statutory damages at 1 per centum of the

---

[1] The Court has deferred ruling on Plaintiff's motion to strike until after deciding Midwest's Motion to Dismiss.   (*See* [*Docket No. 28*]).

defendant's net worth or $500,000, whichever is less.   *See* 15 U.S.C. § 1693m(a)(2)(B). Midwest's proposal that the actual value of its offer be "determined by the Court," however, demonstrates the absurdity of Midwest's mootness argument.

Believing that it has now covered all of its bases to obtain an early and inexpensive dismissal, Midwest brings the present Motion to Dismiss.   As set forth in more detail below, Midwest's Motion should be denied.

## ARGUMENT

### I.   RULE 68 OFFERS OF JUDGMENT ONLY STRIP A FEDERAL COURT OF JURISDICTION IF THEY ELIMINATE THE CASE OR CONTROVERSY.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies."   "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief the case is considered moot."   *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (internal citations and quotations omitted).   Rule 68 does not expressly provide that a complete offer of judgment eliminates the case or controversy, but courts have held that offers of complete relief can moot a plaintiff's claims in certain circumstances.   *See, e.g.*, *Rand v. Mansanto Co.*, 926 F.2d  596, 598 (7th Cir. 1991).

### II.   A PRECERTIFICATION OFFER OF JUDGMENT TO AN INDIVIDUAL PLAINTIFF IN A PUTATIVE CLASS ACTION IS IMPROPER AND DOES NOT ELIMINATE THE CASE OR CONTROVERSY.

The Third Circuit, the Ninth Circuit, the Tenth Circuit, and numerous federal district courts in the District of Minnesota and throughout the country have held that a

defendant's attempt to "pick off" the named plaintiff by making a precertification offer of judgment in a putative class action is inconsistent with the purposes of Rules 68 and 23. *Symczyk v. Genesis Healthcare Corp.*, --- F.3d ---, 2011 WL 3835404, at *5 (Aug. 31, 2011); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1244 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004); *Johnson*, 276 F.R.D. at 333 ("Concern about the impact on the class-action process is particularly strong in cases such as this, where Defendant tries to use a unilateral offer to pay off the representative Plaintiff's claim as a preemptive strike to thwart the class action) (Keyes, M.J.); *Lamberson v. Financial Crimes Services, LLC*, No. 11-cv-98, 2011 WL 1990450, at *4 (D.Minn. Apr. 13, 2011) (Graham, M.J.) ("[T]o prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective."), *recommendation adopted by* 2011 WL 1990447 (May 23, 2011) (Kyle, J.); *Harris v. Messerli & Kramer, P.A.*, No. 06-cv-4961, 2008 WL 508923, at *2 (D.Minn. Jan. 2, 2008) (Schiltz, J.) ("As a matter of policy, it would be unwise to permit defendants to frustrate class action by using Rule 68 offers to "pick off" putative class representatives."); *Gomez v. Campbell-Ewald Co.*, 2011 WL 3664354, at *6 (C.D.Cal. Apr. 8, 2011); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D.Ohio 2008); *Zeigenfuse v. Apex Asset Management, LLC*, 239 F.R.D. 400, 403 (E.D.Pa. 2006).

Accordingly, such offers cannot moot a case brought as a class action before a plaintiff has had a reasonable opportunity to certify a class. In *Harris*, Judge Schiltz

succinctly and persuasively explained why individual offers cannot moot putative class claims, regardless of whether or when a motion for class certification is filed:

> The putative class representative, in the complaint, makes clear that he is seeking relief not only for himself, but also for a class of which he is a member. He might move immediately to certify the class, or he might wait a few days, or a few weeks, or a few months. But the timing of his motion to certify does not change the fact that, at all times, he is a putative class representative seeking relief for a putative class.

2008 WL 508923, at *3.   At all times after a class action complaint is filed, the named plaintiff has a personal stake in representing the interests of the class.

Thus, the case or controversy is Plaintiff's interest in representing the putative class.[2] This interest does not depend on whether Plaintiff has filed her anticipated motion for class certification.   This interest presently exists and is represented in Plaintiff's claims for class relief in the CAC—claims for which Midwest's individual Rule 68 offer provides no relief.   Accordingly, Midwest's individual Rule 68 did not offer complete relief and cannot moot this case.

## III.   AN INDETERMINATE OFFER OF JUDGMENT THAT LEAVES THE MEASURE OF DAMAGES TO BE DETERMINED BY THE COURT DOES NOT ELIMINATE THE CASE OR CONTROVERSY.

---

[2] Midwest cites *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D.Minn. 2003) for the alternative position that there is no case or controversy once the named plaintiff in a class action has been offered full compensation for their own individual claims.   While Midwest faithfully depicts the holding in *Jones*, the position taken in that case ignored the reality that a class representative also has a personal stake in obtaining recovery for similarly situated individuals.   Indeed, one of the requirements to certify a class is that the class representative demonstrate that he or she can "fairly and adequately protect the interests" of missing class members.   Each of the cases decided in the District of Minnesota since *Jones* has adopted the view advocated here by Plaintiff.   *See Johnson*, 276 F.R.D. at 333; *Lamberson*, 2011 WL 1990450, at *4, *recommendation adopted by* 2011 WL 1990447; *Harris*, 2008 WL 508923, at *2.

Midwest's mootness argument as to the December 14, 2011 class-wide Rule 68 offer is fatally flawed on its face.  While the December 14 offer attempts to provide complete relief to the class by citing the maximum statutory damages award in EFTA class actions—1 per centum of the defendant's net worth—the offer does not provide a calculation or any supporting documents of 1 per centum of Midwest's net worth.  (*See* Hutchinson Decl. Ex. A).  The calculation is left to be "determined by the Court."  (*Id.*) If there is no case or controversy, how can the measure of damages be left to the Court decide?  *See Simmons v. United Mortg. & Loan Investment, LLC*, 634 F.3d 754, 764 (4th Cir. 2011); ("[A]n offer of judgment made pursuant to Rule 68 must specify a definite sum or other relief for which judgment may be entered and must be unconditional.") (citing 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3002, p. 92 (2d ed. 1997).  Because Midwest's class-wide Rule 68 offer keeps the controversy alive by requiring the Court's involvement and determination the action is not moot.

Even if Midwest had offered an actual calculation of damages, that calculation still may be reasonably disputed.  When damages may be reasonably disputed, Rule 68 offers operate only to shift costs against a plaintiff who wrongly believes damages are greater than they are and continues to press his or her claims.  A finding of mootness, and subsequent dismissal, is only appropriate when it is readily apparent to a court that full relief has been offered and there is in fact no live case or controversy.[3]  *See Warren v.*

---

[3] Rule 68 offers are common, and appropriate, in individual consumer rights cases

*Sessoms & Rogers, P.A.*, --- F.3d ---, 2012 WL 76053, at *5 (4th Cir. Jan. 11, 2012) (holding that a precise offer of damages did not moot the plaintiffs' case where the damages were disputed and no evidentiary hearing or judicial fact finding took place prior to dismissal).

It is not the case here that the Court could mechanically enter judgment against Midwest and dismiss Plaintiff's case without further proceedings and discovery.   Net worth is simply not susceptible to such a speedy and mechanical resolution. *See, e.g.*, *Martin v. Redline Recovery Service, LLC*, No. 08-cv-6153, 2009 WL 959635, at *2 (N.D.Ill. Apr. 01, 2009) (declining to definitively decide even what documents are *relevant* to a calculation of a defendant's net worth).   In consumer class actions where class relief is capped based on the defendant's net worth, it is proper for parties to conduct discovery on net worth in order for the plaintiff to determine whether to proceed on a class basis. *Id.* ("[A] defendant's net worth . . . is discoverable before class certification in order to assist the plaintiff in determining whether he should pursue certification.").   Invariably, parties disagree over what evidence of net worth is necessary and relevant.   Courts have held, however, that the range of relevant evidence goes beyond a simple balance sheet and "may include tax returns, applications for credit, complete audited financial statements or other financial records." *Id.*; *see also Anchondo v. Anderson, Crenshaw & Associates, LLC*, 256 F.R.D. 661, 668–69 (D.N.M. 2009)

---

because statutory damages are often capped at a hard figure, $1000. *See* 15 U.S.C. § 1681n(a)(1)(A) (Fair Credit Reporting Act); 15 U.S.C. § 1692k(a)(2)(A) (Fair Debt Collection Practices Act).   When a defendant makes a $1000 offer and the individual plaintiff is not seeking actual damages, there is nothing for the court to do and the case is indeed moot.

(compelling the production of "tax returns, financial statements, annual reports, audits by accountants, and credit applications").

Further, courts have held that a defendant's goodwill is relevant to calculating net worth for the purposes of awarding statutory damages in consumer class actions. *See Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259, 261 (E.D.Pa. 2004); *Anchondo*, 256 F.R.D. at 669 (compelling the production of "documents showing the valuation of [defendant's] capital stock and goodwill"). Compiling and drawing conclusions based on these different types of evidence would take time for parties and the Court. Accordingly, Midwest's offer of 1 per centum of its net worth, even if accompanied by Midwest's own calculation of what that figure should be, would not eliminate the case or controversy in this action.

Finally, courts have held that class-wide Rule 68 offers cannot moot a class action because putative class members retain a set of notice and objection rights that must be administered by the court and facilitated by the named plaintiff. *See Smith v. Greystone Alliance LLC*, No. 09-C-5585, 2011 WL 2160886, at *3 (N.D.Ill. May 27, 2011) ("Rule 23(e) requires the Court not only to determine if the offer were fair to the absent class members but also to give those absent members the opportunity to opt out to pursue their claims as individuals."). Individual class members' interest in pursuing their notice and objection rights under Rule 23, and the named plaintiffs' interest in helping to facilitate those rights, keeps the controversy alive. *See id.* This is true regardless of whether the plaintiff filed a motion for class certification prior to the proposed class-wide settlement. A court still must approve a precertification class-wide settlement, and part of that

approval process is entering an order certifying the class. *See, e.g.*, *In Re ADC Telecommunications ERISA Litigation*, No. 03-cv-2989, 2006 WL 6617080 (D.Minn. July 14, 2006) (class-wide settlements entered before a motion for class certification has been filed still must be certified and ultimately approved after notice to class members and an opportunity to be heard).   The certification order entered in connection with approval triggers absent class members' rights under Rule 23 for notice and an opportunity to be heard.  (*Id.*)

Indeed, even if the parties agreed on the total class-wide damages (Midwest's net worth), the Court would still have to oversee a number of processes and decide a number of potentially contentious issues before the case could ultimately be dismissed:

- How would notice be effectuated consistent with due process?

- Do the settlement terms warrant preliminary approval?

- After notice has been provided, are there any objections or opt-outs and how should they be handled?

- Do the settlement terms warrant final approval?

- What amount of attorneys' fees are "reasonable," as provided in Midwest's offer?  (*See* Hutchinson Decl. Ex. A).

Following any settlement on the terms outlined in Midwest's offer, the Court would have to retain jurisdiction to address the appropriateness of certification and other issues that arise from Plaintiff's and the putative class members' ongoing stake in the case. *See Calvert v. Alessi & Koenig, LLC*, No. 2:11-CV-00333, 2012 WL 136244, at *1 (D.Nev. Jan. 18, 2012) ("Lack of opposition to a motion for certification does not lighten

the movant's burden or truncate the court's inquiry. A class action 'may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'") (emphasis added) (*quoting General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982)). Midwest's Motion challenging subject matter jurisdiction is simply not the correct procedural mechanism for a defendant who believes that a plaintiff has unreasonably rejected a class-wide Rule 68 offer of judgment.

## IV.   MIDWEST'S OFFERS ARE NOT OFFERS FOR COMPLETE RELIEF BECAUSE THEY CUT OFF PLAINTIFF'S RIGHT TO RECOVER ATTORNEY'S FEES AS OF THE DATE OF THE OFFER.

Further, Midwest's offers are improper because they only offer to compensate Plaintiff's attorney's fees, mandated by 15 U.S.C. § 1693m(a)(3), up to the date of the offers. The purpose of Rule 68 "is to encourage the settlement of litigation." *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). Attempting to cut off a plaintiff's ability to recover attorney's fees for post-offer settlement deliberations with counsel undermines this purpose. Accordingly, courts have held that Rule 68 offers of judgment that cut off attorney's fees at the date of the offer are not offers of full compensation. *See Valencia v. Affiliated Group, Inc.*, 674 F.Supp.2d 1300, 1306 (S.D.Fla. 2009). Because Midwest's offers were not offers of full compensation, they cannot moot Plaintiff's case.

## V.   EFTA CLASS ACTIONS ARE CERTIFIABLE.

Midwest also disingenuously argues that "class actions are not certifiable under the EFTA."[4] This is plainly a misstatement of the law. The EFTA's damages provision

---

[4] This argument is misplaced, as the basis for Midwest's Motion is that the Court lacks subject matter jurisdiction. (*See* Def.'s Memo. at p.1). Midwest's argument related to

expressly includes class relief.   15 U.S.C. § 1693m(a)(2)(B) ("In the case of a class action, . . ."). What Midwest really means is that some courts have denied class certification. *See Johnson v. U.S. Bank, N.A.*, No. 10-cv-4880, 2011 WL 6275963 (D.Minn. Dec. 15, 2011); *Nadeau v. Wells Fargo Bank, N.A.*, No. 10-cv-4356, 2011 WL 1633131 (D.Minn. Apr. 26, 2011).   The difference of opinion among the federal judiciary does not render class actions under the EFTA "not certifiable."

Numerous courts have granted motions to certify EFTA classes. *See Kinder v. Dearborn Federal Savings Bank*, No. 10-12570, 2011 WL 6371184, at *5 (E.D.Mich Dec. 20, 2011); *Flores v. Diamond Bank,* No. 07 C 6403, 2008 WL 4861511, at *5 (N.D. Ill. Nov. 7, 2008); *Burns v. First American Bank*, No 04 C 7682, 2006 WL 3754820, at *12 (N.D. Ill. Dec. 19, 2006); *see also Riviello v. Tobyhanna Army Depot Federal Credit Union*, No. 3:11-CV-59, 2011 WL 3439215, at *5 (M.D.Pa. Aug. 5, 2011) (denying motion to strike class allegations in an EFTA complaint and rejecting the defendant's argument that EFTA class actions are not certifiable).   Courts in the District of Minnesota have certified and approved class-wide settlements in EFTA class actions. *See Reich v. Unity One Credit Union*, No. 10-cv-00606 (JJG), (Order Granting Motion for Final Approval of Class Settlement) [*Docket No. 28*]; *Poechman v. Alerus Financial, N.A.*, No. 10-cv-04186 (SRN/FLN) (Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Release) [*Docket No. 35*].[5]

While Midwest attempts to represent that the weight of authority in the District of

the certifiability of EFTA class actions should have been brought as a motion to strike Plaintiff's class claims.  Midwest has brought no such motion.
[5] Final approval is pending.

Minnesota rejects the certifiability of EFTA class actions, the *Nadeau* and *Johnson* cases are distinguishable. First, in *Johnson*, plaintiffs sought recovery of actual damages in the form of the transaction fees unlawfully charged to them by the defendant. 2011 WL 6275936, at *1, *4. The court decided that the unlawful fees could only be recovered by showing that individual plaintiffs relied to their detriment on the lack of notice. *Id.* at 5. Questions of individual reliance prevented class certification. *Id.*

Here, in light of the *Johnson* decision that unlawful ATM transaction fees may only be recovered as actual damages upon a showing of detrimental reliance, Plaintiff intends to abandon his claim for actual damages. (*See* Complaint, Prayer for Relief). Plaintiff did not rely on the lack of on-machine notice required by 15 U.S.C. § 1693b(d)(3)(B)(i) because Midwest did provide the on-screen notice required by 15 U.S.C. § 1693b(d)(3)(B)(ii). (*See* Def.'s Memo. at p.1). The on-screen notice required Plaintiff to affirmatively accept that he would be charged a fee. (*Id.*) Thus, Plaintiff seeks to represent a class claiming only statutory damages, and the issues in *Johnson* are not present here.

The issues in *Nadeau* are similarly not present here. While in *Nadeau*, like here, the plaintiff sought to certify a class seeking only statutory damages, the court in *Nadeau* was concerned that leaving out putative class members' actual damages claims would be "inefficient in the extreme." *See* 2011 WL 1633131, at *4. Here, however, Plaintiff plans to show through discovery that no putative class member has an actual damage claim against Midwest. If Midwest maintained the required on-screen notice throughout the class period, it is not possible that any consumer relied on the lack of on-machine

notice because every consumer who was charged a fee would have had to affirmatively accept the fee. (*See* Def.'s Memo. at p.1). Thus, by seeking statutory damages only, Plaintiff would not be leaving out putative class members' actual damage claims. This would just be a case where no consumer suffered actual damage as a result of the complained of conduct.[6] Accordingly, the primary barrier[7] to class certification in *Nadeau* would not be present here.

## CONCLUSION

Like Midwest, Plaintiff is interested in an efficient resolution to this case. However, Midwest's attempt to moot Plaintiff's claims and obtain dismissal on jurisdictional grounds is improper and does not provide the efficient resolution that Midwest purports to seek or that is mandated by Fed. R. Civ. P. 23(c), (d) or (e). For the reasons set forth in this memorandum, Midwest's Motion should be denied.

---

[6] The fact that no consumer suffered actual damage is also not a bar to class certification. The EFTA expressly provides that statutory damages are recoverable for failure to comply with "any provision." 15 U.S.C. § 1693m(a). Charging consumers a fee without providing both forms of notice, on-machine and on-screen, violates 15 U.S.C. § 1693b(d)(3)(C); *see also Kinder*, 2011 WL 6371184, at *5 ("The court understands Defendant's frustration with the EFTA's redundant requirements; however, until Congress acts, the court must enforce the statute as it is written.").

[7] The *Nadeau* court was also concerned that putative class members might be able to recover more individually. *See* 2011 WL 1633131, at *5. First, this is not a bar to class certification. *See Riviello*, 2011 WL 3439215, at *5 (finding that if a lesser recovery in the class form barred class certification, no class could ever be certified, which would be directly at odds with the statute). Second, until there is evidence of the number of putative class members and of the Midwest's net worth, it is unknown what putative class members might recover in a class action relative to an individual action.

Respectfully Submitted,


Dated: January 27, 2012                    By:    s/Thomas J. Lyons
                                           **LYONS LAW FIRM, P.A.**
                                           Thomas J. Lyons, Sr., Esq.
                                           Attorney I.D. #65699
                                           367 Commerce Court
                                           Vadnais Heights, MN 55127
                                           Telephone: (651) 770-9707
                                           Facsimile: (651) 770-5830
                                           tlyons@lyonslawfirm.com

                                           **ATTORNEY FOR PLAINTIFF**