UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Johnson, on behalf of himself and all others similarly situated, | Civil Action No. 11-cv-1926 (DSD/JJK) |
| Plaintiff, | |
| v. | |
| Midwest ATM, Inc. and Rustad & Associates, Inc., | |
| Defendants. | |
| and | |
| Robert Hunt and Douglas Johnson, on behalf of themselves and all others similarly situated, | Civil Action No. 11-cv-2026 (DSD/JJK) |
| Plaintiff, | |
| v. | |
| Midwest ATM, Inc. and Citizens Financial Group, Inc. d/b/a Citizens Bank and Rustad & Associates, Inc., | |
| Defendants. | |
| and | |
| Ashley R. Schultz, on behalf of herself and all others similarly situated, | Civil Action No. 11-cv-2302 (DSD/JJK) |
| Plaintiff, | |
| v. | |
| Midwest ATM, Inc. and Jefferson Avenue Investments, Inc. d/b/a Tavern on the Avenue, | |
| Defendants. | |

**DEFENDANT MIDWEST ATM, INC.'S AND DEFENDANT RUSTAD & ASSOCIATES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Midwest, ATM, Inc. and Rustad & Associates, Inc. (collectively "Midwest") respectfully submit this reply memorandum in support of their motion to dismiss for lack of subject matter jurisdiction.

## ARGUMENT

**A.   PLAINTIFFS OFFER NO GOOD FAITH BASIS FOR REJECTING MIDWEST'S OFFERS OF JUDGMENT.**

Plaintiffs oppose Midwest's motion to dismiss, but fail to articulate any good reason why Plaintiffs did not accept Midwest's complete offers of judgment. Instead, Plaintiffs argue that there exist various legal grounds upon which the Court should find that Midwest's offers of judgment did not moot Plaintiffs' claims.

Plaintiffs' only objection to Midwest's individual offers of judgment for complete and full relief to the named Plaintiffs is that this case was filed as a class action. Of course, this Court rejected the same argument by the same plaintiffs' counsel in *Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003).

Plaintiffs then object to Midwest's classwide offers of judgment on the basis that Midwest offered a percentage of its net worth instead of a fixed dollar amount. To be sure, had Midwest only offered a fixed dollar sum, Plaintiffs would have challenged that offer as inadequate as well. For this reason, Midwest relied on the language of the statute, which caps damages at 1% of net worth in a class case. Even if Plaintiffs could get a litigation class certified, and even if they were successful at trial, Plaintiffs would be

limited to recovering a maximum of 1% of Midwest's net worth.  If the class claims are tried, the Court will have to determine Midwest's net worth.  As such, Plaintiffs' objection to the offer of judgment makes no practical sense.[1]

Plaintiffs' third objection to the offers of judgment is that the offers of judgment cut off their counsel's ability to recover attorney's fees for settlement deliberations after the offers of judgment were served.  This objection must certainly be rejected.  As a threshold matter, because the offers of judgment provide Plaintiffs with more than the maximum allowed recovery under the Electronic Funds Transfer Act ("EFTA"), there is no need for settlement deliberations.  Plaintiffs merely had to accept the offers of judgment.  Further, foregoing complete offers of judgment for their clients due to the fact that counsel may miss out on a couple of hours of billable time – purportedly incurred negotiating a settlement that already offers full relief – constitutes an egregious conflict of interest.  The offers of judgment are plainly in Plaintiffs' best interests.

Plaintiffs' last objection is that the offers of judgment do not moot the claims against non-moving third parties.  Plaintiffs are only permitted to recover the maximum allowed under the EFTA once.  Midwest has offered the maximum recovery.  As such, the claims against all Defendants are moot.  Further, Midwest is the only owner or operator of the ATMs at issue and, thus, Midwest is the only entity that arguably has any

---

[1] While Plaintiffs object that they lack sufficient evidence from which to determine Midwest's net worth, Midwest previously provided Plaintiffs with its balance sheets for the past three years.  These balance sheets are submitted to the Internal Revenue Service as part of Midwest's tax returns and, as such, are subject to criminal and civil penalty if misstated.  These balance sheets are the best, and only, evidence of Midwest's net worth.

4472419v1

liability under the EFTA. Regardless, Midwest only seeks the dismissal of the claims asserted against Midwest. Those claims are undisputedly moot.

All of Plaintiffs' legal objections to why the offers of judgment should not moot their claims are unavailing. Missing in all of Plaintiffs' objections is any explanation as to why the Plaintiffs did not accept the offers of judgment. As a policy matter, Rule 68 is designed to promote and foster the early settlement of claims. This case is precisely the type of case for which Rule 68 was designed. Stripping Midwest of the ability to resolve claims for the full relief sought at the outset of litigation would circumvent the purpose of Rule 68 and render the Rule of no utility to litigants. The Court must reject any such policy that seeks to prevent litigants from settling their grievances without being forced to incur attorney's fees defending claims of doubtful legitimacy.

B.  **PLAINTIFFS' REJECTION OF MIDWEST'S OFFERS OF JUDGMENT DEFIES COMMON SENSE AND IT IS AGAINST PLAINTIFFS' BEST INTERESTS.**

As the Court has likely observed, many litigants settle their claims before trial. Often both sides, some sooner than later, come to the realization that the certainty of settlement, even at a steep discount to the aggrieved party, is better than the risk and burden of further litigation. Midwest should be applauded for seeing the wisdom of resolving this litigation at its outset. Midwest is disserving of even greater accolades for offering a settlement through offers of judgment (as well as through other settlement offers, all of which were rejected) for full and complete relief. For Plaintiffs, Midwest's offers of judgment not only relieved them of the burdens and risk of litigation, but also offered more than the full amount of recovery as if they had litigated their claims through

trial and won.  As such, while many plaintiffs discount the amount of recovery they are willing to accept through settlement, Plaintiffs here were not faced with that scenario. Instead, Plaintiffs rejected Midwest's offers of judgment and have chosen to litigate their claims in the hope that they might, after both sides incur thousands of dollars in attorney's fees, recover, at most, something less than what Midwest offered at the outset of the case.  Plaintiffs' rejection of Midwest's offers of judgment is truly startling and defies explanation.

The below table illustrates the enigma that is Plaintiffs' rejection of Midwest's offers of judgment by contrasting what will happen if this case is litigated to trial, and what would have happened had Plaintiffs accepted either of Midwest's offers of judgment or settlement offers.

|  | **Litigate to Trial** | **Accept Individual Offer of Judgment** | **Accept Class Offer of Judgment** |
|---|---|---|---|
| Submit Rule 26(a) disclosures | √ |  |  |
| Draft Fact Discovery | √ |  |  |
| Answer Fact Discovery | √ |  |  |
| Take Depositions | √ |  |  |
| Defend Depositions | √ |  |  |
| Submit Expert Reports | √ |  |  |
| Expert Discovery | √ |  |  |
| Class Certification | √ |  | Yes, but only a settlement class, not a litigation class |
| Disseminate Notice | √ |  | √ |
| Objections and Opt-Outs | √ |  | √ |

|  | **Litigate to Trial** | **Accept Individual Offer of Judgment** | **Accept Class Offer of Judgment** |
|---|---|---|---|
| Summary Judgment | √ | | |
| Defend Counterclaims | √ | | |
| Trial | √ | | |
| Determine Midwest's Net Worth | √ | | √ |
| Determine Whether Plaintiffs' Request for Attorney's Fees is Reasonable | √ | √ | √ |
| **Recovery** | $100 to $1,000 individually; or 1% maximum of net worth for class | $1,050 individually; or 1.01% of net worth. | |

As the above table makes clear, there is no benefit to Plaintiffs in rejecting the offers of judgment. There is only one downside. The individual offers of judgment offer each named Plaintiff $1,050. Even if Plaintiffs are successful on an individual basis at trial, the most they can recover is $1,000. Since each named Plaintiff received and agreed to the on-screen notice of the fee, it is most likely that a jury would render a verdict in favor of Midwest, or Plaintiffs' recovery would be limited to $100. The same holds true for the class offer of judgment. Midwest offered more than the 1% permitted under the EFTA.

Of course, if Plaintiffs' claims are allowed to proceed to trial, both Plaintiffs and Midwest will incur attorney's fees. This creates a conflict of interest for purported Class Counsel. Class Counsel obviously have an interest in pushing this case to litigation for the sole purpose of driving up their attorney's fees. This is the only possible explanation to why Plaintiffs would reject the offers of judgment. The Court should not sanction this

6

conduct. Instead, Midwest respectfully urges the Court to dismiss Plaintiffs' claims with prejudice.

## CONCLUSION

Because Plaintiffs' claims are moot, the Court should dismiss Plaintiffs' claims against Midwest ATM, Inc. and Rustad & Associates, Inc. for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction, the Court should decline Plaintiffs' invitation to conduct any further proceedings in this matter.

**RESPECTFULLY SUBMITTED,**

Dated: February 1, 2012

By: s/ Troy J. Hutchinson
Troy J. Hutchinson (#0320420)
**BRIGGS AND MORGAN, P.A.**
2200 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402-2157
(612) 977-8400

**ATTORNEY FOR JOHN PREISINGER**

4472419v1