UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1926(DSD/JJK)

Douglas Johnson, on behalf of
himself and all others
similarly situated,

                    Plaintiff,

v.                                                    **ORDER**

Midwest ATM, Inc. and Rustad
& Associates, Inc.,

                    Defendants.


        Thomas J. Lyons, Esq. and Lyons Law Firm, P.A., 367
        Commerce Court, Vadnais Heights, MN 55127, counsel for
        plaintiff.

        Troy J. Hutchinson, Esq. and Briggs & Morgan, P.A., 80
        South Eighth Street, Suite 2200, Minneapolis, MN 55402,
        counsel for defendants.


        This matter is before the court upon the motion to dismiss by

defendants Midwest ATM, Inc. and Rustad & Associates, Inc.

(collectively, Midwest).[1]  Based on a review of the file, record

and proceedings herein, and for the following reasons, the motion

is granted.

---

        [1] This matter was consolidated with civil numbers 11-cv-2026
and 11-cv-2302 pursuant to Federal Rule of Civil Procedure 42(a)
and the joint stipulation of all parties.  See ECF No. 26.  For
clarity, the court cites only the relevant documents from the
Johnson matter.

**BACKGROUND**

This dispute arises from Midwest's operation of an automated teller machine (ATM) at 600 Kenwood Parkway, Minneapolis, Minnesota 55403 (Kenwood Parkway).  On January 8, 2011, Johnson was charged a $2.50 user fee after withdrawing money from a Kenwood Parkway ATM.  Am. Compl. ¶ 10.  Although the ATM provided on-screen notice of the user fee, and Johnson accepted the fee, Johnson claims that no notice was posted on the exterior of the ATM.  Id. ¶ 12.

On September 30, 2011, Johnson filed an amended class-action complaint alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et. seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.* (collectively, EFTA).  In response, Midwest made a Rule 68 offer of judgment to Johnson on November 23, 2011, in the amount of $1,050 plus attorneys' fees and costs.  See Hutchinson Decl. Ex. D, ECF No. 13.  Midwest also made a class-wide Rule 68 offer of judgment in the amount of 1.01% of Midwest's net worth plus attorneys' fees and costs on December 14, 2011.  See id. Ex. A. Having made offers of judgment in excess of the individual and class-wide statutory maximum, Midwest argues that the action is moot and moves to dismiss.[2]

---

[2] The court informally stayed consideration of this matter pending the outcome of First American Financial Corp. v. Edwards, 132 S. Ct. 2536 (2012) (per curiam).  The Court dismissed the writ of certiorari as improvidently granted, and therefore this court issues its opinion.  Id.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction," and jurisdiction is lacking when an "actual, ongoing case or controversy" is no longer present. <u>Neighborhood Transp. Network, Inc. v. Pena</u>, 42 F.3d 1169, 1172 (8th Cir. 1994). The plaintiff typically must demonstrate that jurisdiction is proper. <u>See</u> <u>Osborn v. United States</u>, 918 F.2d 724, 729-30 (8th Cir. 1990). Here, however, the "heavy burden of proving mootness" falls on the defendant; the party asserting that the case has become moot. <u>Kennedy Bldg. Assocs. v. Viacom, Inc.</u>, 375 F.3d 731, 745 (8th Cir. 2004) (citation and internal quotation marks omitted). A case becomes moot when the plaintiff no longer has a "personal stake" in the outcome of the litigation. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citation omitted).

A defendant "may serve ... an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "In the context of Rule 68, courts generally hold that a valid offer of judgment [that provides complete relief to the plaintiff], even if rejected, renders a party's claims moot and eliminates subject matter jurisdiction." <u>Roble v. Celestica Corp.</u>, 627 F. Supp. 2d 1008, 1012 (D. Minn. 2007) (citation omitted); <u>see</u> <u>Goodmann v. People's Bank</u>, 209 F. App'x 111, 115 (3d Cir. 2006); <u>Rand v. Monsanto Co.</u>, 926 F.2d 596, 598 (7th Cir. 1991); <u>Zimmerman v. Bell</u>, 800 F.2d 386, 390 (4th Cir. 1986).

## I.   Individual Offer of Judgment

The maximum individual recovery under the EFTA is $1000.  See 15 U.S.C. § 1693m(a)(2)(A).  Midwest offered Johnson $1050, plus attorneys' fees and costs, and argues that this offer moots Johnson's individual claim.  In response, Johnson argues that the offer does not moot the putative class claim and is merely an attempt to "pick off" the named plaintiff prior to class certification.  The court, however, need not answer this question, because Midwest also offered class-wide relief, thereby mooting this action.

## II.   Class-Wide Offer of Judgment

The maximum EFTA class-wide recovery is the lesser of 1% of the defendant's net worth or $500,000.  See 15 U.S.C. § 1693m(a)(2)(B).  Midwest argues that its class-wide offer of judgment for 1.01% of the its net worth, coupled with its individual offer to Johnson, moots the action.  Johnson responds that a case and controversy exists, because Midwest's offer did not specify an exact amount, the court may be required to oversee Rule 23 proceedings and the offer limits attorneys' fees to the date of the offer.

### A.   Definite Offer

"To effectuate the purposes of Rule 68, an offer of judgment must specify a definite sum or other relief for which judgment may by entered and must be unconditional."  Warren v. Sessoms & Rogers,

<u>P.A.</u>, 676 F.3d 365, 370-71 (4th Cir. 2012) (citations and internal quotation marks omitted).  Johnson does not contend that the offer is conditional, but instead argues that Midwest's offer for 1.01% does not specify a definite sum.

In the amended complaint, Johnson sought "statutory damages as set forth in the EFTA and Regulation E."  Am. Compl. at Prayer for Relief.[3]  Midwest's offer mirrored the language of the EFTA.  When the "Rule 68 offer unequivocally offers a plaintiff all of the relief []he sought to obtain, the offer renders the plaintiff's action moot."  <u>Warren</u>, 676 F.3d at 371 (citations and internal quotation marks omitted).  Because Midwest offered the exact relief requested in the amended complaint, the action becomes moot.

Moreover, Johnson cannot claim he is unable to determine the lesser of $500,000 or 1.01% of Midwest's net worth.  Midwest provided Johnson with balance sheets for the past three years.  <u>See</u> Def.'s Reply Mem. 3 n.1.  Further, holding otherwise would render ineffective any offer of judgment in an EFTA-class action.  A plaintiff could defeat an offer by merely contesting the net worth of the defendant.  Although Rule 68 does not neatly fit within the class-action framework, Congress has not limited its application.  <u>See</u> <u>Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal</u>

---

[3] Johnson originally sought both actual and statutory damages. <u>See</u> Am. Compl. at Prayer for Relief.  In his opposition brief, Johnson abandoned his claim for actual damages.  <u>See</u> Pl.'s Mem. Opp'n 12.

Educ., 827 F. Supp. 2d. 1262, 1268 (W.D. Wash. 2010) (noting rejection of the proposal to exclude Rule 68 offers in the class-action context). Therefore, Midwest's offer was not impermissibly vague.

### B.   Rule 23 Proceedings

Johnson next argues that if a class is certified,[4] a case and controversy exists because the court will have to oversee Rule 23 proceedings. The court disagrees. Oversight of these proceedings, in the form of directing notice to the class or approving the final settlement, does not affect the amount or type of relief available to Johnson and the unidentified class members. Cf., e.g., Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1090 (9th Cir. 2011) ("[A] defendant may moot a class action through an offer of settlement only if he satisfies the demands of the class ...."); Smith v. Greystone Alliance, No. 09 C 5585, 2011 WL 2160886, at *3 (N.D. Ill. May 17, 2011) (noting that offer of judgment for class-action statutory maximum should moot the class members' interest in the class); McDowall v. Cogan, 216 F.R.D. 46, 51 (E.D.N.Y. 2003) ("It follows that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of

---

[4] The court notes that class certification rarely occurs in EFTA cases in this district. See Johnson v. U.S. Bank Nat'l Ass'n, No. 10-4880, 2011 WL 6275963, at *4-6 (D. Minn. Dec. 15, 2011); Nadeau v. Wells Fargo Bank, Nat'l Ass'n, No. 10-4356, 2011 WL 1633131, at *4-5 (D. Minn. Apr. 26, 2011).

litigation, it must do so to the putative class and not to the named plaintiff alone."). Therefore, although oversight of Rule 23 proceedings may be necessary, it does not mean that a case and controversy exists.

### C.   Attorneys' Fees

A successful plaintiff in an EFTA action is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1693m(a)(3). Midwest offered "to pay all reasonable costs and expenses incurred by the Plaintiffs in connection with this matter through the date of this offer of judgment, including any reasonable attorneys' fees, as well as pre-judgment interest." Hutchinson Decl. Ex. A, ECF No. 13. Johnson argues that this attempt to cut off attorneys' fees, as of the date of the offer, is not an offer for full compensation, and thus does not moot the action.

Johnson's argument is unavailing. "[W]here the underlying statute defines 'costs' to include attorneys' fees ... such fees are to be included as costs for purposes of Rule 68." Marek v. Chesny, 473 U.S. 1, 9. Unlike the statute in Marek, the EFTA mandates costs, "together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1693m(a)(3). "Because the [EFTA] separates costs and fees, the Rule 68 limitation on costs" does not apply to attorneys' fees. See Zortman v. J.C. Christensen & Assoc., Inc., No. 10-3086, 2012 WL 1563918, at *3 (D. Minn. May

2, 2012) (analyzing identical language in Fair Debt Collection Practices Act).  As a result, the offer to limit attorneys' fees has no bearing on the court's mootness determination, and Johnson's argument is without merit.  Therefore, no case or controversy remains, and dismissal for lack of subject-matter jurisdiction is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Defendant's motion to dismiss [ECF No. 9] is granted.

2.   The motions to strike [ECF Nos. 4, 24] are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 31, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court