```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                 Civil No. 11-1926(DSD/JJK)
```

Douglas Johnson, on behalf of
himself and all others
similarly situated,

       Plaintiff,

v.                                                                **ORDER**

Midwest ATM, Inc. and Rustad
& Associates, Inc.,

       Defendants.

    Thomas J. Lyons, Esq. and Lyons Law Firm, P.A., 367
    Commerce Court, Vadnais Heights, MN 55127, counsel for
    plaintiff.

    Troy J. Hutchinson, Esq. and Briggs & Morgan, P.A., 80
    South Eighth Street, Suite 2200, Minneapolis, MN 55402,
    counsel for defendants.

      This matter is before the court upon the motion to correct judgment by plaintiff Douglas Johnson and the motion for fees and costs by defendants Midwest ATM, Inc. and Rustad & Associates, Inc. (collectively, Midwest). Based on a review of the file, record and proceeding herein, and for the following reasons, the court denies the motions without prejudice.

      The background of this action is set out in the court's July 31, 2012, order, and the court recites only those facts necessary for the disposition of the instant motions. On September 30, 2011, Johnson filed an amended class-action complaint alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et. seq.*,

and Regulation E, 12 C.F.R. § 205.1 *et seq.* (collectively, EFTA). In response, Midwest made an individual offer of judgment for $1050 and a class-wide offer of judgment for 1.01% of Midwest's net worth. Both Rule 68 offers exceeded the maximum statutory recovery available under the EFTA. After Johnson failed to accept the offers, Midwest moved to dismiss, arguing that the court lacked subject-matter jurisdiction in light of the Rule 68 offers.

On July 31, 2012, the court granted the motion to dismiss by Midwest. In response, on August 23, 2012, Johnson filed a motion to correct the judgment pursuant to Federal Rule of Civil Procedure, arguing that the court should enter judgment on behalf of Johnson. On September 28, 2012, Midwest filed a memorandum opposing entry of judgment on behalf of Johnson and moved the court for costs and attorneys' fees. Johnson filed a reply memorandum on October 5, 2012, and both motions are currently pending before the court.

In the underlying action, Johnson argued that he suffered no injury in fact,[1] and a procedurally-identical case is currently pending before the Eighth Circuit. See Charvat v. First Nat'l Bank of Wahoo, No. 8:12-cv-97 (D. Neb. July 12, 2012), appeal docketed, No. 12-2797 (8th Cir. July 27, 2012). In Charvat the Eighth

---

[1] In the amended complaint, Johnson sought both actual and statutory damages. See Am. Compl. at Prayer for Relief. Johnson's brief in opposition to dismissal, however, abandoned his claim for actual damages. Pl.'s Mem. Opp'n 12, ECF No. 29.

Circuit is determining whether a plaintiff who alleges only statutory damages and no actual damages, has standing to bring a claim under the EFTA. Because the outcome in <u>Charvat</u> may control the court's decision here, all proceedings in this matter are stayed pending the ruling in <u>Charvat</u>. In light of the stay, the pending motions are dismissed without prejudice.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   All further proceedings in this matter are stayed pending the Eighth Circuit's decision in <u>Charvat v. First National Bank of Wahoo</u>, No. 12-2797 (8th Cir. appeal docketed July 27, 2012).

2.   Plaintiff's motion to correct judgment [ECF No. 49] is denied without prejudice.

3.   Defendants' motion for fees and costs [ECF No. 56] is denied without prejudice.

Dated:   December 13, 2012

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court